UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN CHRISTOPHER HOUNSOM | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00288-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Brian Hounsom's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner pleaded guilty to one count of conspiracy to distribute 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Court accepted Petitioner's plea and sentenced him to a total of 78 months in prison followed by five years of supervised release. *United States v. Hounsom*, No. 4:14-cr-246-AGF (hereinafter, *"Hounsom"*).

In his pro se motion under § 2255, Petitioner asserts four grounds for relief, all based on claims of ineffective assistance of counsel. Specifically, Petitioner asserts that counsel was ineffective for (1) failing to argue against a leadership enhancement under the Sentencing Guidelines at sentencing, (2) failing to adequately explain the proffer process, (3) failing to challenge the amount of marijuana in question at the sentencing phase, and (4) advising Petitioner to take certain actions that caused Petitioner not to take advantage of a plea offer of 57 months, which offer the Government rescinded.

Petitioner has not requested an evidentiary hearing, and as the record before the Court conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

### Criminal Proceedings

The Court is familiar with the facts and proceedings in the underlying criminal case. To summarize as pertinent here, Petitioner was one of many targets in a multi-agency investigation of a marijuana distribution conspiracy led by Thomas Anderson, Jr. In August 2014, that investigation resulted in the indictment of eleven defendants, including Petitioner, on charges of conspiracy and money laundering. All of the defendants in the case ultimately entered guilty pleas, other than Thomas Anderson, Jr., who proceeded to trial in July 2017 and was convicted.

On August 19, 2014, Petitioner self-surrendered and was released on bond. On August 25, Petitioner appeared for his arraignment with his retained attorney, Burton Shostak,[1] who inquired about the possibility of a downward departure in exchange for Petitioner's cooperation.[2] On September 4, Petitioner and Mr. Shostak met with counsel

---

[1] Mr. Shostak passed away on April 24, 2018.

[2] Certain portions of the record in both this case and the underlying criminal case remain under seal. The Court has reviewed the sealed and public portions of the record as relevant to the present motion. By virtue of his claims, Petitioner discloses on the public record his contention that the Government withdrew a 57-month recommendation after an unsuccessful proffer. The Government's response, filed under seal, supplies additional particulars with respect to the timeline and negotiations. The Court discusses the relevant facts within the general parameters of Petitioner's disclosure and only as necessary to provide context and resolve the issues presented.

for the Government, AUSA John Davis, to discuss a possible proffer. Mr. Davis had explained that, depending on certain Sentencing Guidelines determinations, Petitioner could qualify for a Guideline range of 57-71 months. Other terms with respect to the possible offer are detailed in the Government's response and attachment. However, Petitioner was not sufficiently forthcoming, so the meeting ended without an agreement. The next day, Mr. Shostak informed Mr. Davis that Petitioner did not wish to participate in a proffer. In May 2015, Mr. Shostak moved to withdraw from the case, without objection by Petitioner, based on Petitioner's failure to meet his financial obligations. The Court granted the motion and appointed James Schottel to represent Petitioner. *Hounsom*, ECF No. 332, 334.

<u>Plea Hearing</u>

On September 1, 2015, Petitioner appeared before the Court with Mr. Schottel to enter a plea of guilty. *Hounsom*, ECF No. 884, 885. The plea agreement signed by both parties contains a detailed recitation of the facts surrounding the Government's investigation of the Anderson operation, the actors involved in the conspiracy, and their criminal activity. *Hounsom*, ECF No. 457. As relevant here, Petitioner admitted that he: took delivery of marijuana in exchange for $87,000; participated in the off-loading and dividing of other deliveries; smuggled $30,000 via commercial airlines to deliver a payment; and delivered another payment to Denver in an amount over $100,000. Petitioner further admitted that he traveled to California to broker a drug deal at Anderson's request and that he directed others to assist in the delivery of marijuana and collection of proceeds. The plea agreement states that the amount of marijuana

3

attributable to Petitioner's own conduct and to the conduct of others foreseeable to him exceeded 1000 kilograms.

Also as part of the plea agreement, Petitioner agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Hounsom*, ECF No. 457, p. 9. Petitioner further confirmed that he was "fully satisfied with the representation received from defense counsel," who "completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses." *Id.* at 13. Petitioner acknowledged that he entered the plea voluntarily and of his "own free will." *Id.*

During the plea hearing, the Court conducted a thorough colloquy with Petitioner to ensure that his plea was knowing and voluntary. *Hounsom*, ECF No. 884. The Court inquired about Petitioner's education, health, sobriety, and ability to understand the proceedings. The Court inquired about Petitioner's satisfaction with counsel. Petitioner replied that he had had enough time to confer with counsel, he was satisfied with counsel's representation, there was nothing counsel failed or refused to do, and counsel answered his questions. The Court confirmed Petitioner's understanding of his waiver of rights related to a jury trial and that he had discussed with counsel the particulars of the plea, including the range of punishment. The Court reviewed the terms of the plea agreement with Petitioner to confirm his understanding of its provisions. The Court explained that it was not bound by any sentencing guidelines recommendations contained in the plea agreement, that the sentencing guidelines are advisory, and that, based on

certain statutory sentencing factors, the Court could impose a sentence above or below the advisory guideline range. The Court noted that the plea agreement recommended: a base level of 30 for the offense, based on the recommendation that the quantity of marijuana for which Petitioner was accountable was more than 1000 kilograms; a 3-point reduction for Petitioner's acceptance of responsibility; and a 2-point enhancement for Petitioner's leadership role in the offense as a manager or supervisor. Petitioner's career offender status was left to the Court with authority to diverge from the guidelines and plea agreement. The Court advised Petitioner of the maximum penalties, and that the charge in Count I carried a mandatory minimum sentence of 10 years. The Court also explained the rights to appeal being waived by Petitioner's plea.

Petitioner confirmed that he understood all of the foregoing and that his plea was not prompted by promises or coercion. Petitioner confirmed that the specific facts contained in the plea and recited by the Government in the hearing were true. Petitioner specifically confirmed that he participated in an agreement with Anderson and others to distribute in excess of 1000 kilograms of marijuana. Petitioner then confirmed that he pleaded guilty of his own free will. Upon the foregoing record, the Court found that Petitioner's plea was knowing, intelligent, and voluntary, and accepted Petitioner's guilty plea.

Sentencing Hearing

On December 22, 2015, Petitioner appeared with his attorney, Mr. Schottel, for sentencing. *Hounsom*, ECF No. 881, 882. Motions were filed by the parties in connection with the sentencing, including Petitioner's motion for a downward departure

5

under § 5k2.13. Neither party objected to the sentencing guidelines calculations contained in the presentence investigation report (the "PSI"), which the Court adopted. The PSI noted a base level of 30, a 3-point reduction for accepting responsibility, and a 2-point enhancement for Petitioner's role as a manager or supervisor, for a total offense level of 29, consistent with the recommendations in the plea agreement. Petitioner was in criminal history category I, which would have resulted in a guideline range of 87 to 108 months; however, the charge in Count I carried a ten-year mandatory minimum sentence, thereby increasing the guideline range to 120 months. The Court stated that it had carefully considered the PSI, the parties' respective motions, the arguments of both parties at the hearing, and Petitioner's own statement. Ultimately, the Court sentenced Petitioner to 78 months in prison followed by five years of supervised release. Petitioner did not appeal his sentence.

**Motion to Vacate**

As noted above, Petitioner asserts four claims in the present motion for relief pursuant to § 2255. He asserts that his counsel was ineffective for (1) failing to argue against the 2-point leadership enhancement at sentencing, (2) failing to adequately explain the proffer process, (3) failing to challenge the amount of marijuana in question at the sentencing phase, and (4) advising Petitioner "to take certain actions" that caused him not to pursue, and the Government to rescind, a plea offer of 57 months.

The Government responds that Petitioner's claims 1 and 3 are precluded by the plea agreement, in which Petitioner specifically accepted the 2-point enhancement and the amount of marijuana in question; as such, counsel could not have argued against them

6

at the sentencing phase. The Government argues that Petitioner's claims 2 and 4 are patently false in that both counsel and the Government thoroughly and repeatedly explained proffer conditions to Petitioner before he ultimately declined to cooperate. The Government further contends that Petitioner has not shown the requisite prejudice.

## DISCUSSION

### Legal Standards

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner's ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006).

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 690-694; *Morelos v. United States*, 709 F.3d 1246, 1250 (8th Cir. 2013). Failure to establish either prong is fatal to the claim. *Morelos* at 1250. To prevail on a claim of ineffective assistance of counsel, a petitioner must overcome the strong presumption that counsel's conduct, based

7

on the circumstances at that time, fell within the wide range of reasonable professional assistance. *Kelly v. U.S.*, 819 F.3d 1044, 1047 (8th Cir. 2016).

A defendant's right to effective assistance of counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To establish ineffective assistance during plea negotiations, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Conversely, when the defendant's claim is that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show *Strickland* prejudice, the defendant must show that, but for his counsel's advice, he would have accepted the plea. *Talavera v. United States*, 842 F.3d 556, 558 (8th Cir. 2016).

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez v. United States*, 929 F.3d 1041, 1045 (8th Cir. 2019). Instead, judges should "look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

Prejudice in the sentencing context requires the petitioner to show "a reasonable probability that his sentence would have been different but for the deficient performance." *Coleman v. United States*, 750 F.3d 734, 739 (8th Cir. 2014). "A

8

reasonable probability is a probability sufficient to undermine confidence in the outcome or a substantial, not just conceivable, likelihood of a different result." *Meza-Lopez,* 929 F.3d at 1044-45 (citation omitted).

**Analysis**

Sentencing (Claims 1 and 3)

In claims 1 and 3, Petitioner asserts that counsel was ineffective at sentencing for failing to argue against the 2-point leadership enhancement and the specific amount of marijuana in question (1000 kilos), and because no evidence was produced in support of the enhancements. These claims are without merit. Petitioner expressly accepted those facts and consequences both in the written plea agreement, which he confirmed that he reviewed with counsel and understood, and during the plea hearing. In addition, the facts amply supporting both guidelines determinations are in the PSI. Petitioner did not object to these paragraphs in the PSI and does not now allege that the facts are untrue. Thus, any objection by counsel at sentencing would have been baseless and improper. An attorney's failure to raise a meritless argument does not constitute ineffective assistance. *Dodge v. Robinson*, 625 F.3d 1014, 1019 (8th Cir. 2010). Further, these two guidelines determinations had no effect on Petitioner's guidelines calculations; Petitioner's guideline range would have increased to 120 months in any event because of the statutory mandatory minimum sentence. For these reasons, the Court will deny these claims.

Proffer (Claims 2 and 4)

In claims 2 and 4, Petitioner contends that counsel was ineffective for failing to adequately explain the implications of a proffer such that Petitioner lost the opportunity

9

to secure a 57-month plea deal. These claims are also unavailing.

First, the Government's attorney, Mr. Davis, who participated in the discussions related to the possible proffer, detailed those discussions in his response to Petitioner's motion, which response was signed by him pursuant to Rule 11(b), Fed. R. Civ. P. In that response, Mr. Davis represented that both he and Mr. Shostak fully explained the conditions of the proffer and provided Petitioner every opportunity to weigh his decision. The Government's email communication with Mr. Shostak, filed under seal, reflects an exhaustive discussion between counsel. ECF No. 8, Ex. 1. Petitioner has not responded to the Government's response and exhibits in this respect and does not contest the foundation or accuracy of that correspondence. ECF No. 8, Ex. 1 & 2. Petitioner's claim that experienced defense counsel failed to convey to him the substance of that exchange or the ramifications of his decision, particularly in light of the seriousness of the charges, strains credulity.

Even accepting *arguendo* Petitioner's assertion that that his counsel's explanation was inadequate, the Court is persuaded that the Government, in its efforts to secure a sound agreement and Petitioner's cooperation, adequately informed Petitioner regarding the possible proffer. The prosecutor was exploring the possibility of Petitioner providing cooperation and would have had no incentive to fail to describe fully the scope of the cooperation being requested. Thus, Petitioner would have suffered no prejudice from his own counsel's alleged shortcoming.

Moreover, in its response, the Government has set forth the extensive cooperation that would have been required in order to qualify for the plea offer and a possible low

10

guideline range of 57 months, to which the Government would not object. But Defendant has nowhere alleged that he would have agreed to provide such cooperation.

Finally, Petitioner's claims are plainly contradicted by the record. As noted above, Petitioner affirmed as part of the guilty plea agreement that he was "fully satisfied with the representation received from defense counsel" and that counsel "completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses." In the Court's colloquy with Petitioner, he affirmed that he had had enough time to confer with counsel, he was satisfied with counsel's representation, there was nothing counsel failed or refused to do, and that counsel answered his questions. At no time did Petitioner raise any concerns with respect to his plea counsel or his prior counsel. Petitioner's new bare assertions to the contrary fail to overcome the strong presumption of verity of his repeated affirmations at the time of the plea. The Court will deny these claims.

### Evidentiary Hearing

A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief. *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012). Petitioner has not requested an evidentiary hearing, and the Court finds no need for one, as the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 USC § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Brian Hounsom's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

                                                      AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2020.